**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LORI IRISH,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　　　　　Defendant. | Case No. 2:10-cv-00892-JCM-PAL<br><br>**ORDER** |

　　　　This matter is before the court on Plaintiff Lori Irish's compliance with this court's Order (Dkt. #5) directing Plaintiff to pay an initial filing fee in the amount of $48.40 in compliance with the 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"). Plaintiff paid the initial filing fee on October 12, 2010. *See* Dkt. #6. The court will now screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

　　　　Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).

　　　　In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

1 § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is
2 provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under
3 § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses
4 a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions
5 as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could
6 not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

7 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
8 failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a
9 ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.
10 2000). A properly pled complaint must provide a short and plain statement of the claim showing that
11 the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,
12 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels
13 and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129
14 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as
15 true all well-pled factual allegations contained in the complaint, but the same requirement does not
16 apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action,
17 supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the
18 complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.
19 *Twombly,* 550 U.S. at 570.

20 Plaintiff's Complaint, filed on behalf of herself and Amherst Trust, of which Plaintiff is the
21 trustee, attempts to state tort claims against the National Labor Relations Board ("NLRB") and three
22 employees of the NLRB, Cornele A. Overstreet, Joel Schochet, and Stephen E. Wamser. In Count One,
23 Plaintiff alleges that Defendant Schochet and the NLRB intentionally interfered with her business
24 relations when Defendant Schochet told Plaintiff's employees not to communicate with Plaintiff after
25 she was arrested. Plaintiff asserts this caused her business to have to immediately shut down and
26 caused her "enormous monetary losses." Further, she asserts that Judge Pro signed an order in her
27 criminal case allowing the NLRB to take business records of her company and keep them for six
28 months. Plaintiff alleges because she was not in possession of the records, she was unable to present an

adequate defense at her criminal trial. She also alleges that the NLRB failed to pay taxes to the IRS for Plaintiff's companies and failed to pay her attorney's fees in violation of an order of the Ninth Circuit Court of Appeals, preventing her from being able to hire an attorney of her choice at her criminal trial. Plaintiff asserts because she was represented by the federal public defender, she was wrongfully convicted and incarcerated.

Plaintiff alleges in count two that because the NLRB did not obey the Ninth Circuit order to pay attorney's fees or IRS taxes, it intentionally or negligently inflicted emotional distress upon her. She does "not feel she would be in prison if the NLRB had paid a criminal attorney for her." Complaint at 6, ¶16. She also alleges she suffered "enormous emotional distress" because Defendant Schochet told Plaintiff's employees not to speak with her, and as a result, she had no one to look after her business or personal property. Finally, in count three, Plaintiff alleges abuse of process because "[t]he Ninth Circuit order did not intend for Lori Irish to go to prison, civil lawsuits being neglected, and IRS taxes not to be paid." *Id.* at 7, ¶20.

Because Plaintiff's Complaint is attempting to state tort claims against an agency and employees of the United States, Plaintiff's claims arise under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 1346. In order to prove a FTCA violation, Plaintiff must make a claim for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Before suing the government under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Plaintiff has not alleged that she has exhausted any administrative remedies available to her. Furthermore, Plaintiff has stated no facts or allegations whatsoever against Defendants Overstreet or Wamser. Therefore, the court will dismiss her Complaint, with leave to amend.

Lastly, to the extent Plaintiff is attempting to challenge her criminal conviction, she is advised the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal

3

1  conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive
2  order, declared invalid by a state tribunal authorized to make such a determination. or called into
3  question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477,
4  484 (1994) (stating "We think the hoary principle that civil tort actions are not appropriate vehicles for
5  challenging the validity of outstanding criminal judgments applies to § 1983 damages actions"). *Heck*
6  is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out
7  of the same or identical transaction." *Id*. at 484.  Here, it does not appear that Plaintiff's conviction has
8  been reversed on direct appeal, expunged by executive order, declared invalid, or called into question.
9  Although it does not appear that Plaintiff is attempting to state a claim under § 1983, to the extent she is
10 making claims concerning her criminal conviction, those are also dismissed.

11     If Plaintiff chooses to amend the complaint, she is informed that the Court cannot refer to a prior
12 pleading (i.e., her original complaint) in order to make the amended complaint complete.  This is
13 because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*,
14 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in
15 itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original
16 complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an
17 original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

18     Plaintiff also submitted a letter (Dkt. #4) to the court requesting status of the proposed summons
19 she submitted with her original Application to Proceed *In Forma Pauperis* (Dkt. #1).  Plaintiff is
20 advised because she is seeking to proceed *in forma pauperis*, summons is not issued until after the court
21 approves her application to proceed *in forma pauperis,* screens her complaint pursuant to 28 U.S.C.
22 § 1915A, and finds she has stated a claim upon which relief may be granted..  Service is also not
23 authorized unless the court directs the Clerk of Court to issue summons.

24     Accordingly,
25     **IT IS ORDERED**:
26     1.    The Clerk of Court shall file Plaintiff's Complaint.
27     2.    Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief can be
28     granted, with leave to amend.  Plaintiff will have thirty days from the date that this Order

        is entered to file her Amended Complaint, if Plaintiff believes the noted deficiencies can be corrected.

3.     Failure to comply with this Order will result in a recommendation to the District Judge that the Complaint be dismissed.

Dated this 24th day of November, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE