**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LORI IRISH, et al., ) | Case No. 2:10-cv-00892-JCM-PAL |
| Plaintiffs, ) | **ORDER** |
| vs. ) | (Mtn to Appoint - Dkt. #10) |
| CORNELE A. OVERSTREET, et al., ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff Lori Irish's Motion for Appointment of an Attorney or in the Alternative an Extension of Time to Amend Complaint (Dkt. #10). On December 1, 2010, the court entered an Order screening Plaintiff's Complaint, finding it failed to state a claim upon which relief could be granted, and allowing Plaintiff to amend her complaint on or before December 30, 2010. Plaintiff filed the instant motion requesting the court appoint her an attorney pursuant to 28 U.S.C. § 1915(e) because she cannot state her claims herself. Alternatively, she asks for an additional sixty days in which to amend her complaint because she has other matters before the Ninth Circuit Court of Appeals that require her immediate attention.

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive[,] and both must be viewed together before reaching a decision." *Id*. (internal citations and quotation marks omitted). Here, Plaintiff has demonstrated sufficient ability to write and articulate her claims, and the facts alleged and legal issues raised are not especially complex. Plaintiff has not demonstrated that there is a likelihood of success on the merits or that exceptional

circumstances warrant appointment of counsel.  Moreover, 28 U.S.C. § 1915(e)(1) does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis.  *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989).  The court will, however, grant Plaintiff sixty days from December 20, 2010, in which to amend her complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Dkt. #10) is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's request for appointment of counsel is DENIED.
2. Plaintiff's request for an extension of time to file an Amended Complaint is GRANTED. Plaintiff shall have until **February 22, 2011,** in which to file her Amended Complaint. Failure to comply with this Order will result in dismissal of this action.

Dated this 31st day of January, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE