# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LORI IRISH, et al.,

        Plaintiffs,

v.

NATIONAL LABOR RELATIONS BOARD, et al.,

        Defendants.

2:10-CV-892 JCM (PAL)

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge Peggy A. Leen (doc. #17) regarding the dismissal of plaintiff's complaint (doc. #1-1). Plaintiff filed an objection on March 2, 2012. (Doc. #18).

Plaintiff's objection argues that because she is a pro se litigant, the magistrate judge should have applied a relaxed standard of review when screening the complaint. While it is true that courts are to liberally construe the pleadings of pro se litigants, *see Balistieri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), the pleadings must still state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff argues that because none of the cases upon which the magistrate judge cited involved pro se litigants, the cases are irrelevant to determining whether plaintiff has stated a claim for relief.

The status of the litigants in the cases to which the magistrate cited in recommending the instant complaint's dismissal is not important. The magistrate judge cited to the cases to establish

**James C. Mahan**
**U.S. District Judge**

the prima facie elements required for plaintiff's causes of action. After doing so, the magistrate judge explained that plaintiff's complaint is fatally flawed because it does not allege the proper elements. For example, the magistrate judge cited to *Cummings v. United States*, 704 F.2d 437 (9th Cir. 1983), for the proposition that claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1340 *et seq.*, must be brought against the United States, not the federal agency in question or its individual employees. However, plaintiff has named the the National Labor Relations Board ("NLRB") and individual employees as defendants in her FTCA claim, not the United States.

Further, the magistrate judge explained that the FTCA claim would fail even if it was alleged against the United States because plaintiff's amended complaint "contains only conclusory allegations and does not specify what, exactly, the NLRB's involvement with her and/or her companies was. She provides no context for the allegations contained in her [a]mended [c]omplaint, and the court cannot determine which of her companies was involved with the NLRB, when or where the interaction occurred, or why the NLRB was in contact with her at all." Report and Recommendation at 3:25-4:2.

The court finds that even construing plaintiff's pleadings liberally, as this court must under the guidance of *Balistieri*, the complaint is so devoid of factual context that it fails to state a claim upon which relief can be granted. The complaint's allegations regarding the constitutional violations are also conclusory, and must be dismissed for that reason.

Within her objection, plaintiff also moves the court for leave to amend her complaint. While Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," the local rules of federal practice in the District of Nevada qualify this rule, and require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

Plaintiff has failed to file a proposed, amended complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the report and recommendation of Magistrate Judge Leen (doc. #17) regarding the dismissal of plaintiff's complaint

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  (doc. #1-1) be, and the same hereby is, AFFIRMED in its entirety.

2      IT IS THEREFORE ORDERED that plaintiff's complaint (doc. #1-1) be, and the same
3  hereby is, DISMISSED.

4      IT IS FURTHER ORDERED THAT plaintiff's motion to amend (doc. #18) be, and the same
5  hereby is, DENIED.

6      DATED March 6, 2012.

              */s/ James C. Mahan*
              **UNITED STATES DISTRICT JUDGE**